# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LARRY J. SHEPHERD,**
**Claimant Below, Petitioner**

**vs.)  No. 21-0407** (BOR Appeal No. 2055863)
(Claim No. 2017007575)

**CORNERSTONE INTERIORS, INC.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Larry J. Shepherd, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Cornerstone Interiors, Inc., by Counsel Lisa Warner Hunter, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 9% permanent partial disability award on March 15, 2019, and reiterated the decision on March 18, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its October 5, 2020, Order. The Order was affirmed by the Board of Review on April 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Shepherd, a drywall finisher, fell and injured his lower back and neck on August 10, 2016. A lumbar x-ray performed that day showed multilevel degenerative arthritis but no acute injury. A cervical x-ray showed multilevel degenerative disc disease and hypertrophy with neural foraminal narrowing. It was noted that Mr. Shepherd had a history of radiculopathy, carpal tunnel syndrome, and chronic lumbar pain. The claim was held compensable for lower back strain and cervical sprain on October 3, 2016.

Mr. Shepherd suffered from lumbar and cervical issues prior to the compensable injury. A January 23, 2013, lumbar x-ray was performed for lower back pain. It showed multilevel degenerative disc disease; lower lumbar facet hypertrophy; bilateral sacroiliac degenerative joint disease; and mild chronic anterior wedging of T11, T12, and L1. A cervical MRI was performed on November 9, 2013, for neck pain, right arm pain, and C7 radiculopathy. It revealed C3-4 disc bulge with osteophyte disc complex and foraminal stenosis mild disc bulging at C4-5 and C5-6, and borderline canal stenosis from C3-C6.

Treatment notes from Lincoln Primary Care from February 16, 2016, through March 18, 2016, indicate Mr. Shepherd was treated for degenerative disc disease, among other conditions. It was noted that Mr. Shepherd was seeing Muhammed Nasher, M.D., for back problems, pain management, and neurology. It was also noted that Mr. Shepherd had a history of osteoarthritis and degenerative joint disease.

Paul Bachwitt, M.D., performed an Independent Medical Evaluation on March 4, 2019, in which he noted that Mr. Shepherd underwent x-rays on August 10, 2016, which showed no evidence of acute injury but did reveal multilevel degenerative disease. Mr. Shepherd sustained a second injury on February 2, 2017, to his neck, back, and bilateral arms. After examination, Dr. Bachwitt opined that Mr. Shepherd had reached maximum medical improvement and required no further treatment for his compensable lumbar and cervical sprains. Dr. Bachwitt noted that Mr. Shepherd had previously undergone injections, and they failed to provide any significant, lasting pain relief. For the cervical spine, Dr. Bachwitt found 4% impairment under Cervical Category II-B of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), and 6% impairment for range of motion loss. He then placed Mr. Shepherd in Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating

to 8%. Dr. Bachwitt then apportioned 4% impairment for preexisting multilevel degenerative disc disease. For the lumbar spine, Dr. Bachwitt found 5% impairment under lumbar Category II of Table 75 of the AMA *Guides*. Range of motion measurements were too low to be credible. Dr. Bachwitt combined the 4% cervical impairment with the 5% lumbar impairment for a combined total of 9% impairment.

On August 13, 2019, Bruce Guberman, M.D., performed an Independent Medical Evaluation in which he found that Mr. Shepherd had reached maximum medical improvement. For the cervical spine, Dr. Guberman found 4% impairment under Cervical Category II-B of Table 75 of the AMA *Guides* and 8% for range of motion loss. He then placed Mr. Shepherd in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. Dr. Guberman declined to apportion the rating for Mr. Shepherd's preexisting degenerative changes. He explained that Mr. Shepherd was asymptomatic prior to the compensable injury and would have received no impairment rating for his degenerative changes only. For the lumbar spine, Dr. Guberman found 5% impairment under lumbar Category II of Table 75 of the AMA *Guides* and 7% impairment for range of motion loss. He then placed Mr. Shepherd in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and adjusted the rating to 8%. Dr. Guberman opined that the entire impairment was the result of the compensable injury. His combined total impairment assessment for the compensable injury was 15%. Regarding Dr. Bachwitt's evaluation, Dr. Guberman disagreed with the decision to apportion half of the cervical and lumbar impairments for preexisting degenerative changes. He stated that the degenerative changes seen on imaging studies do not qualify for impairment under the AMA *Guides* or Rule 20, and he found that there was no medical evidence supporting Dr. Bachwitt's apportionment of half of Mr. Shepherd's impairment. Dr. Guberman also stated that Dr. Bachwitt did not obtain valid cervical range of motion results. Dr. Guberman's examination resulted in valid testing, and this accounts for the difference in the impairment ratings.

In a January 22, 2020, addendum to his report, Dr. Bachwitt stated that he reviewed Dr. Guberman's evaluation and reaffirmed his finding of 5% lumbar and 4% cervical impairment. Dr. Bachwitt stated that at the time of his evaluation, Mr. Shepherd's range of motion measurements were too low to be credible and could not be used for rating impairment. Further, Mr. Shepherd had preexisting degenerative changes as seen on x-rays and MRIs of the cervical spine. Dr. Bachwitt noted that the only compensable conditions in the claim are cervical and lumbar sprains.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on February 26, 2020, in which he assessed 4% impairment under lumbar Category II of Table 75 of the AMA *Guides* and 14% impairment for range of motion loss. He then placed Mr. Shepherd in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. Dr. Mukkamala then apportioned half of the impairment for preexisting degenerative spondyloarthropathy. For the lumbar spine, Dr. Mukkamala assessed 5% impairment under Lumbar Category II of Table 75 of the AMA *Guides* and 11% impairment for range of motion loss. He then placed Mr. Shepherd in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and adjusted the rating to 8%. Dr. Mukkamala then apportioned 4% impairment for Mr. Shepherd's preexisting degenerative spondyloarthropathy as seen on x-rays. Dr. Mukkamala stated that he reviewed Dr. Guberman's evaluation. He opined that Dr. Guberman's evaluation was

3

invalid because Dr. Guberman failed to account for Mr. Shepherd's preexisting degenerative spondyloarthropathy.

In decisions dated March 15, 2020, and March 18, 2020, the claims administrator granted Mr. Shepherd a 9% permanent partial disability award. The Office of Judges affirmed the claims administrator's decisions granting a 9% permanent partial disability award in its October 5, 2020, Order. It found that the award was based on Dr. Bachwitt's Independent Medical Evaluation. In support of his position, Mr. Shepherd submitted Dr. Guberman's evaluation in which he found 15% impairment. Mr. Shepherd was also evaluated by Dr. Mukkamala, who found 8% impairment. The Office of Judges determined that Mr. Shepherd failed to show that he is entitled to more than a 9% permanent partial disability award. It found that Dr. Guberman was the only physician of record to find more than 9% impairment. Further, Dr. Guberman failed to apportion for Mr. Shepherd's preexisting impairment and was the only physician of record who declined to do so. Dr. Guberman stated that he did not apportion for preexisting degenerative changes because Mr. Shepherd was asymptomatic prior to the compensable injury. The Office of Judges found that the evidence contradicts Dr. Guberman's assertion. On January 23, 2013, a lumbar x-ray was performed due to low back pain. A cervical MRI was performed on November 9, 2013, due to neck pain and radiculopathy. Further, a February 16, 2016, treatment note from Lincoln Primary Care indicates Mr. Shepherd suffered from osteoarthritis and degenerative disc disease and was undergoing pain management treatment for the conditions. Because Mr. Shepherd's degenerative conditions were clearly symptomatic prior to the compensable injury, the Office of Judges found Dr. Guberman's report to be unreliable since he failed to apportion for the preexisting degenerative conditions. The Board of Review affirmed the decision of the Office of Judges on April 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pre-existing impairments and an aggravation thereof shall not be taken into consideration in determining the amount of permanent partial disability an employee is entitled to. Permanent partial disability shall be awarded only in the amount that would have been allowable had the employee not had the pre-existing impairment. West Virginia Code § 23-4-9b. A preponderance of the evidence indicates Mr. Shepherd is entitled to a 9% permanent partial disability award.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn